CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 29 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DREWRY JOSEPH VIA III,<br>    Petitioner, | Civil Action No. 7:07cv00034 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Drewry Joseph Via III, a Virginia prisoner proceeding pro se, brings this petition under 28 U.S.C. § 2254 for writ of habeas corpus challenging the validity of his conviction and sentencing in the Circuit Court of Henry County, because he claims he was denied the effective assistance of counsel. This case is before the court on the respondent's motion to dismiss. The court finds that Via's claims are exhausted but procedurally defaulted. Accordingly, the court grants the respondent's motion to dismiss.

I.

A judge found Via guilty in the Circuit Court of Henry County of robbery, use of a firearm in the commission of a robbery, murder, use of a firearm in the commission of a murder, and conspiracy to commit robbery, and sentenced him to a total of 118 years imprisonment with 68 years suspended. Via appealed to the Court of Appeals of Virginia alleging that the evidence was insufficient to sustain his convictions, but the court denied his appeal, as did a three-judge panel of that court. Via then appealed to the Supreme Court of Virginia which refused his petition for appeal.

Via filed a habeas petition in the Circuit Court of Henry County on June 21, 2006, claiming ineffective assistance of counsel because he claimed his attorney: (A) failed to

investigate the law, statements of witnesses, and prior testimony of witnesses; (B) improperly based the entire defense on the "second intent" theory; (C) failed to interview any of the Commonwealth's witnesses and interviewed only one defense witness; (D) failed to file a discovery motion; (E) failed to call certain witnesses at trial; (F) did not discuss the defense with Via; (G) improperly conceded Via's involvement in the robbery; and, (H) failed to present a viable defense, and that his cumulative errors prejudiced Via. The respondent filed a motion to dismiss the habeas petition and the court dismissed the petition on August 18, 2006. Via filed an appeal to the Supreme Court of Virginia in December 2006, but the court dismissed the petition because it found that under Virginia Supreme Court Rule 5:17(a)(1)[1], Via failed to timely file his petition for appeal.

In his federal habeas petition, Via has alleged essentially the same claims he raised in his state habeas petition. The respondent has filed a motion to dismiss, claiming that all of Via's claims are exhausted but procedurally defaulted, or, in the alternative, that the decision by the state circuit court was not contrary to clearly established federal law, and therefore the court should dismiss all of Via's claims.

## II.

Via has raised several ineffective assistance claims, but all of Via's claims are exhausted and procedurally defaulted because Via failed to properly perfect his habeas appeal, which the Virginia Supreme Court dismissed pursuant to Rule 5:17(a)(1). While Via exhausted his claims by raising them in the Virginia Supreme Court in his petition for appeal from the circuit court's

---

[1] Virginia Supreme Court Rule 5:17(a)(1) reads that a petition for appeal must be filed, "in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from." VA Sup. Ct. R. 5:17(a)(1).

Case 7:07-cv-00034-SGW-mfu   Document 14   Filed 05/29/07   Page 2 of 3   Pageid#: 183

order denying habeas relief, the Virginia Supreme Court did not consider the claims on their merits because Via failed to file his appeal in a timely manner. The Fourth Circuit has held that, "failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims." Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986). A federal court will not review a claim that is procedurally defaulted "absent cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default." See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Because Via did not properly perfect his habeas appeal to the Virginia Supreme Court and has not demonstrated cause and prejudice to excuse his procedural default, the court dismisses these claims.[2]

### III.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Via's § 2254 petition.

**ENTER:** This 24th day of May, 2007.

United States District Judge

---

[2] Even if the court were to review claims (A)-(H) on their merits, the state circuit court has adjudicated and rejected all of Via's claims and its decision is not contrary to clearly established federal law or based on an unreasonable determination of the facts. As such, this court should defer to the decision of the state circuit court and dismiss all of Via's claims. See Williams v. Taylor, 529 U.S. 362, 403-13 (2000).